### KINGSTON BANK vs. SWIFT et al.

Where plaintiffs, in a suit upon a promissory note against several defendants, took a bond from part of the defendants who claimed to be collateral sureties only, and agreed to endeavor to get pay of the other defendants, and assigned the bond and took the notes of the assignees as collateral security for the original note in suit; and upon the assignees' notes, plaintiffs recovered judgment, and then transferred the bond and the

original note to the assignees for their security : *held*, on a motion by defendants, who gave the bond, for the discontinuance of the original suit, that the defendants might have leave to plead *puis darien*, any matters which arose after the commencement of the original suit, and plaintiffs leave to reply.

*Motion to discontinue this suit.*—Defendant's facts: this suit was commenced in Jan. 1838, upon a promissory note, against all the defendants eight in number, as makers and endorsers, the makers and payees of said note being the four defendants in this motion. They pleaded in said suit general issue and notice of set-off, and gave notice to plaintiffs that they must prove on the trial the consideration for which the note was [13 obtained; that they stood as collateral sureties to the bank, the other defendants being bound to pay the same. Said bank agreed in effect to settle and discontinue said suit against them, on their giving a bond for the amount of the note, interest and costs; it being understood that said suit was not to be discontinued on the records, or the said note given up, for it might injure the claim of the bank. That three of the said defendants (the other residing out of the state) waived their legal defences (as the bank claimed to be bona fide holders without notice), and executed said bond on aforesaid conditions, and no other. Defendants considered said suit settled. The bank agreed to endeavor to get pay of the other defendants; and if they did, they would not have recourse to the bond given by defendants, but would give it up. It appeared that said bond was assigned on the 25th May, 1842; that a suit on the bond was commenced on the 26th Oct. 1842, by the assignees; and two of the defendants aforesaid appeared in the suit (the other not having been served with process), and pleaded non est factum and notice, in which notice defendants set forth substantially the above facts, and alleged in said notice that the bank received pay and satisfaction of the indebtedness from the assignees of said bond and the other parties to said note; that the suit on the bond was never brought to trial, but was discontinued, and defendants' taxable costs paid. On the 6th of June, 1844, defendants' attorney received notice of substitution of another attorney for plaintiffs, and a notice of trial on the original suit brought upon the note. Plaintiffs' facts: After the suit on the bond was at issue, and the plaintiffs learning the nature of defendants' defence, by their notice which was pleaded to said suit on the bond, and after a full statement of facts to the counsel for plaintiffs on their part, plaintiffs were advised that the suit on the bond could not be maintained, but that they could successfully prosecute to a conclusion the above suit commenced on the note. Thereupon the suit on the bond was discontinued, and the further prosecution of this suit undertaken. It appears also on the part of the plaintiffs, that the as-

signees of said bond had given two notes to the plaintiffs as collateral security for the note in this suit; or that said two notes were turned out to said plaintiffs by one Wilbur, for whose benefit the indebtedness accrued, and were considered accommodation notes; that the assignees of said bond were sued on said two notes in separate suits; and on the trials, it was proven that this suit was not discontinued, nor any agreement made for the discontinuance thereof. Plaintiffs obtained judgment on said two promissory notes, and interest against the assignees of said bond. On a subsequent settlement between plaintiffs and assignees, it was agreed that said plaintiffs should transfer the bond aforesaid to said assignees, and the note on which this suit is commenced, and also the suit to be prosecuted for the benefit of said assignees; and said transfers were made accordingly on being indemnified by the assignees against expenses and costs of this suit, which was also done. The same is now prosecuted for the benefit of said assignees, they having been compelled to pay the amount of said note to plaintiffs. The assignees allege that no agreement was ever made by said plaintiffs, or any one on their behalf, for the discontinuance of this suit. Assignees also allege that they expect to prove on the trial of this cause, that the note on which this suit is brought is a business note; that defendants ought to pay the same.

J. W. GERARD, *Atty for four Defts.*          H. E. DAVIES, *Plff's Atty.*

*Decision.*— Ordered that defendants have leave to plead puis darien any matters which have arisen since the commencement of this suit, and that plaintiffs have leave to reply to same; and further ordered that the venue be changed to the city and county of New-York. Costs of motion to abide event of suit.